JONES, JUDGE:
On or about June 14, 1972, the 1971 Chevrolet Impala automobile owned by the claimant, Joel V. Pauley, was damaged when a large tree limb fell on it, while it was parked along the side of West Virginia Secondary Route No. 16/2, known as Myrtle Tree Road, near the claimant’s residence. This was a rock base road, much narrower than the 30-foot right of way owned by the State, and the offending tree was growing on the public right of way. The tree was a large Ash, about 50 feet tall, with two large forks. The base of the tree was about half rotten, and it was leaning as though it might fall in a line with the road. A space under this tree was the claimant’s regular parking place until he became apprehensive that the tree might fall and damage his car. His father then agreed to move his *262 car to another location, permitting the claimant to park in front of the residence across the road about 25 or 30 feet from the tree. The claimant and his mother both testified that they noted the rotten condition of the tree trunk and the fact that the tree was leaning in a direction away from the claimant’s new parking place. The claimant’s mother called the State Road Commission two or three months before the tree fell, giving notice of the tree’s condition and an employee of the respondent assured her that the tree would be taken care of. However, nothing was done and sometime during the night of June 13-14, 1972, one of the large forks fell across the road onto the claimant’s automobile damaging the front end of the car including fenders, grill, hood and windshield. After the accident the respondent again was notified and a crew was dispatched to cut down the remaining portion of the tree.
We are satisfied from the evidence that the rotten condition of the tree caused it to be a hazard to the public generally, and having received notice of the dangerous condition it was the duty of the respondent to eliminate the hazard. The respondent’s agents and employees failed to exercise ordinary care under the circumstances, and the Court finds that their negligence was the proximate cause of the damage.
There were only a few places along this narrow road where a car could be safely parked and the claimant had moved from a location he believed to be dangerous to one which appeared to be out of line of the rotting, bending tree. Harm to someone should have been foreseen by the respondent; but we do not consider the claimant to have been contributorily negligent in parking where he did as his choice of parking places was extremely limited and he reasonably believed that if the tree fell it would fall away from his vehicle.
The amount of the claim is based on an estimate of damages in the amount of $469.80, and the amount actually paid Holland Chevrolet Company to repair the car was $559.23. The amount claimed as damages has not been questioned by the respondent and the same appears to be fair and reasonable. Therefore, we find in favor of the claimant, Joel V. Pauley, and award to him the sum of $469.80.
Award of $469.80.